IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH ALFRED CRUZ,

    Petitioner,                     No. CIV S-01-1675 LKK KJM P

    vs.

DAVID L. RUNNELS,

    Respondent.                  <u>FINDINGS AND RECOMMENDATIONS</u>

                         /

            Petitioner is a California prisoner proceeding with an application for writ of habeas corpus under 28 U.S.C. § 2254. On January 30, 2003, the district court judge assigned to this case denied respondent's motion to dismiss this action as time-barred. Thereafter, the court issued findings and recommendations with respect to petitioner's habeas application. On September 26, 2005, the district court judge assigned to this case referred the matter back to the undersigned for the appointment of counsel and a determination as to whether the new claims raised in petitioner's April 25, 2005 objections to the court's January 26, 2005 findings and recommendations should be addressed.

            At a status conference held February 15, 2006, counsel for respondent asked for leave to renew his motion to dismiss in light of recent Supreme Court authority; the motion was
/////

granted and renewed that same day. Petitioner filed an opposition to the renewed motion on May 12, 2006. Respondent filed a reply on June 12, 2006.

I. <u>Commencement Of Limitations Period</u>

Title 28 U.S.C. § 2244(d)(1) provides as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In this case, petitioner appealed his conviction and sentence to the California Court of Appeal. Mot. to Dismiss,[1] Ex. B. The Court of Appeal rendered its decision with respect to petitioner's appeal on January 9, 1997. <u>Id</u>. Because petitioner did not file a petition for review in the California Supreme Court, his conviction and sentence became final for purposes of 28 U.S.C. § 2244(d)(1)(A) 40 days later, on February 18, 1997. <u>Smith v. Duncan</u>, 297 F.3d 809, 812-813 (9th Cir. 2002). Absent tolling, the limitations period began to run the next day. Petitioner argues that the limitations period was tolled at various times based

---

[1] The motion to dismiss that was renewed was filed originally on April 24, 2002.

2

on applicable statutes, the doctrine of equitable tolling and also on petitioner's assertion that he is "factually innocent" of the crimes for which petitioner was convicted.

II. Statutory Tolling

On January 15, 1998, petitioner filed an application for writ of habeas corpus in the Superior Court of Sacramento County. Mot. to Dismiss, Ex. C. The petition was denied on April 15, 1998. Id., Ex. D at 7. Title 28 U.S.C. § 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." The parties do not appear to dispute that the limitations period applicable to this action was tolled during the three months petitioner's first state habeas petition was pending.

Petitioner filed his next state habeas action in the California Court of Appeal on November 1, 1999. Mot. to Dismiss, Ex. E. The petition was denied without comment on December 9, 1999. Id., Ex. F. The parties dispute whether petitioner is entitled to statutory tolling between the denial of petitioner's Superior Court habeas petition, and the filing of his Court of Appeal petition.

Respondent essentially argues that the Court of Appeal petition was not "properly filed" within the meaning of 28 U.S.C. §2244(d)(2) because it was late. In Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814 (2005), the Supreme Court held that an untimely state court post-conviction application will not provide a basis for tolling under 28 U.S.C. § 2244(d)(2). In cases such as this, where the Court of Appeal did not specifically indicate whether the petition filed was untimely, the court must determine whether a California court would have found that petitioner's delay in bringing his Court of Appeal petition was reasonable to determine whether or not the petition was timely. Evans v. Chavis, 126 S. Ct. 846, 852 (2006). The Supreme Court also has held that an unexplained delay of six months in filing a state habeas petition is an unreasonable delay under California law. Id. at 854.

1  Petitioner asserts that for much of the time between the denial of his Superior
2 Court petition and the filing of his Court of Appeal petition, he was hindered in his legal pursuits
3 because he was not permitted access to the prison law library or not permitted access to his legal
4 materials. Second Opp'n[2] at 10:14-11:22; <u>see also</u> First Opp'n[3] at 13:11-28. However, petitioner
5 does not claim that he had any difficulty obtaining law library access or access to his legal
6 materials between April 15, 1998 and May 1, 1998, and then again between May 19, 1999 and
7 November 1, 1999. Second Opp'n at 10:14-16, 11:15-20. Because petitioner fails to provide any
8 explanation as to why he delayed filing his Court of Appeal habeas petition during this
9 approximately six month period, petitioner cannot benefit from statutory tolling under 28 U.S.C.
10 § 2244(d)(2) for the period of time while his Court of Appeal petition was pending.
11 Furthermore, because the Court of Appeal petition was not "properly filed," petitioner also is not
12 entitled to statutory tolling between the denial of his Superior Court petition and the filing of his
13 Court of Appeal petition. <u>Evans</u>, 126 S Ct. at 854.[4]
14  Through the filing of his application for writ of habeas corpus in the California
15 Supreme Court on January 13, 2000, Mot. to Dismiss, Ex. G., petitioner has shown then that he
16 is only entitled to statutory tolling of the applicable limitations period between January 15 and
17 April 15, 1998, while his petition for writ of habeas corpus was pending in Superior Court.
18 Unless there is some other basis for tolling the limitations period, the period ran out on May 21,
19 1998, more than three years before this action was filed on June 13, 2001.
20 /////
21 /////

---

[2] Petitioner filed opposition to the renewed motion to dismiss on May 12, 2006.

[3] Petitioner's original opposition was filed July 31, 2002.

[4] The court notes that petitioner had a petition for writ of habeas corpus pending in this court between April 19, 1999 and March 7, 2000. <u>Cruz v. Ayers</u>, CIV-S-99-0773 LKK JFM P. However, habeas petitioners are not entitled to tolling under 28 U.S.C. § 2244(d)(2) while a federal habeas petition is pending. <u>Duncan v. Walker</u>, 533 U.S. 167, 181-82 (2001).

III. Equitable Tolling

Petitioner asserts several grounds in support of his request that the limitations period applicable to this action should be equitably tolled. "Equitable tolling" of the limitations period is appropriate when extraordinary circumstances beyond a habeas petitioner's control make it impossible for him to file on time. See, e.g., Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005).

Petitioner asserts he should receive equitable tolling credit for each day he was denied access to the prison law library due to the fact that petitioner had to work at his prison job, was housed in segregated housing, or was subjected to prison lockdowns. Between February 18, 1997 and January 13, 2000, petitioner asserts he was denied access to the law library for these reasons for a total of approximately 21 months. Second Opp'n at 9:20-12:8. The implication is that petitioner had access to the law library during that same period for about 14 months. The court would not expect petitioner to have unfettered access to the prison law library, the fact that lockdowns, work obligations and other prison activities took away from the time petitioner could spend in the law library is not extraordinary. In any case petitioner has not explained why the access to the law library that he did receive was not enough, and thus is precluded from equitable tolling of the limitations period based on limited access to the prison law library. See Allen v. Lewis, 255 F.3d 798, 801 (9th Cir. 2001) (petitioner must show that the alleged extraordinary circumstances were the actual cause of his being untimely), reh'g en banc, 295 F.3d 1046 (9th Cir. 2001) (sitting en banc, the Ninth Circuit reversed panel on other grounds, finding habeas petitioner's application timely in light of Bunney v. Mithchell 262 F.3d 1188 (9th Cir. 2002) in which the Ninth Circuit found that Rule 24 of the California Rules of Court extended the applicable limitations period by thirty days).

Petitioner also argues that the court should equitably toll the limitations period for the period of time petitioner's first application for writ of habeas corpus was pending in this court. Petitioner filed that action, Cruz v. Ayers, CIV-S-99-0773 LKK JFM P, on April 19,

1999. The action was dismissed on March 7, 2000 because petitioner failed to exhaust state court remedies with respect to any of his claims. Petitioner claims dismissal was improper, and equitable tolling therefore warranted, because petitioner asked that the proceeding be stayed so petitioner could exhaust state court remedies. Second Opp'n at 5:8-7:16.

Dismissal of petitioner's first petition was proper. No court has specifically held that a district court has the authority to stay a habeas petition where state court remedies have not been exhausted with respect to any of the claims. The Ninth Circuit has indicated that district courts actually lack discretion to stay such petitions. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). Also, in Jimenez v. Rice, 273 F.3d 478 (2001), the Ninth Circuit upheld dismissal of a completely unexhausted habeas petition despite the fact that the habeas petitioner asked for a stay so that he could exhaust.[5]

Finally, petitioner argues he should be granted equitable tolling of the limitations period from February 19, 1997 through September 3, 1997 because it was not until then that he received his trial transcripts. Second Opp'n at 10:2-3. Further, petitioner asserts he was denied access to all of his legal materials while housed in segregated housing between July 4, 1997 and September 3, 1997, and then again between March 19, 1999 and May 19, 1999. Second Opp'n at 9:20-12:7; First Opp'n at 13:11-28. Even if the court agreed with petitioner that the limitations period should be tolled during these periods (totaling approximately 8 ½ months), this would not provide sufficient tolling to save this action.

IV. Factual Innocence

Petitioner asserts that the limitations period applicable to this action should be found inapplicable because the record demonstrates his "factual innocence." Opp'n at 7:17-9:19. In Schlup v. Delo, 513 U.S. 298, 316 (1995), the Supreme Court held that an otherwise

---

[5] Because dismissal of petitioner's first habeas action was proper, there is no basis for this court to "relate back" the filing of this action to Cruz v. Ayers under Rule 15(c) of the Federal Rules of Civil Procedure. Raspberry, 448 F.3d at 1154-55.

procedurally defaulted habeas petition could be heard on the merits if the habeas petitioner presents evidence of innocence "so strong that a court cannot have confidence in the outcome of trial." However, neither the Ninth Circuit nor the Supreme Court has held that a showing by a habeas petitioner meeting the Schlup standard would be sufficient to deem the limitations period inapplicable. See, e.g., Majoy v. Roe, 296 F.3d 770, 775-77 (9th Cir. 2002).

Even if the Schlup exception is applicable in this action, the standard set forth in Schlup has not been met. Petitioner argues that the following evidence, along with the evidence presented at trial, allows petitioner to proceed on his claims:

1. A statement made by Ray Eddlemon that Jerry Cruz told Eddlemon that Jerry had killed David Ortiz, but petitioner (his brother) was taking the rap;

2. A letter from Anthony Padilla in which Padilla indicates that Jerry Cruz told Padilla that Jerry was the person who shot David Ortiz; and

3. Testimony from Travis Coyle indicating Jerry Cruz told Coyle that Jerry shot a person named David in North Highlands with a gun provided to Cruz by Coyle.

Second Opp'n at 9:6-18.

In this court's January 26, 2005 findings and recommendations, the court addressed the sufficiency of the evidence presented at trial, Finding and Recommendations (Docket No. 37) at 4:5-5:19, petitioner's claim that trial counsel was ineffective for failing to question Ray Eddlemon about the conversation where Jerry Cruz allegedly told Eddlemon that Jerry had killed David Ortiz, id. at 11:3-11:18, and petitioner's newly discovered evidence claims concerning the statements made by Anthony Padilla and Travis Coyle identified above, id. at 12:20-14:16. This court found that all of these claims lack merit. For the reasons stated in the January 2005 findings and recommendations, the court finds now that petitioner has not shown evidence of innocence so strong as to undermine the court's confidence in the jury's verdict in petitioner's trial.

/////

V. <u>Conclusion</u>

For the foregoing reasons the court will recommended that respondent's renewed motion to dismiss be granted and that this case be closed.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Respondent's February 15, 2006 renewed motion to dismiss be granted; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 3, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

---

1

cruz1675.157(1)