IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH ALFRED CRUZ,

    Petitioner,                No. CIV S-01-1675 LKK KJM P

    vs.

DAVID L. RUNNELS,

    Respondent.             ORDER

_____/

        On November 8, 2010, petitioner filed a motion asking that the court vacate the March 26, 2007 order dismissing this action as time barred. A district court may reconsider a ruling under either Federal Rule of Civil Procedure 59(e) or 60(b). See Sch. Dist. Number. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Id. at 1263.

        Petitioner fails to show that the court committed clear error in dismissing his petition as time-barred, that the decision was manifestly unjust, or that there has been an intervening change in controlling law favorable for him. While petitioner does present what he describes as newly discovered evidence in support of his argument that the court should waive

the limitations period applicable to this action because he is "actually innocent" of the crimes for which he has been convicted, the Ninth Circuit Court of Appeals recently indicated in <u>Lee v. Lampert</u>, 610 F.3d 1125 (9th Cir., 2010) that there is no "actual innocence" exception to the limitations period.[1]

To the extent petitioner attempts to raise new claims in his motion to vacate, petitioner is informed that he must first obtain permission from the Ninth Circuit Court of Appeals before proceeding on those claims in this court. 28 U.S.C. § 2244(b)(3)(A).

Accordingly, IT IS HEREBY ORDERED that petitioner's November 8, 2010 motion to vacate judgment (#71) and the motion for a hearing on the motion concerning the motion to vacate (#72) are denied.

DATED: April 15, 2011.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[1] The court notes that rule barring an actual innocence exception to the statute of limitations under federal law does not bind California courts. A California habeas petition may be found timely if a petitioner establishes (1) the absence of substantial delay, (2) good cause for the delay, or (3) that the claim falls within an exception to the bar of untimeliness. <u>In re Robbins</u>, 18 Cal. 4th 770, 780 (1998). Under California law, there are four exceptions to the bar of untimeliness: (1) fundamental constitutional error, (2) lack of fundamental jurisdiction by the court, (3) the court acted in excess of jurisdiction, and (4) a change in law. <u>In re Harris</u>, 5 Cal. 4th 813, 829 (1993).